UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>FICO'S NEW YORK STYLE PIZZA INC.,<br><br>        Defendant. | Case No. 21-cv-05723-SVK<br><br>**ORDER FOR REASSIGNMENT;<br>REPORT AND RECOMMENDATION<br>RE PLAINTIFF'S MOTION FOR<br>DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 14, 14-1 |

Plaintiff Scott Johnson ("Plaintiff") filed this action for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, et seq., and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. Dkt. 14-1 at 2. The sole Defendant named in the action is Fico's New York Style Pizza Inc. ("Fico's"), which Plaintiff contends does business as King Kong NY Pizza located at 4622 Meridian Avenue, San Jose, California (the "Restaurant"). Dkt. 1 ¶ 2. Plaintiff seeks injunctive relief, statutory damages, and attorneys' fees and costs. *Id.* ¶ 35. Pending before the Court is Plaintiff's motion for default judgement. Dkts. 14, 14-1. The motion is appropriate for determination without oral argument. Civil L.R. 7-1(b). Although Plaintiff has consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) (Dkt. 7), Fico's New York Style Pizza Inc. has neither appeared in the action nor consented. Dkt. 7.

Accordingly, the Court directs the clerk to REASSIGN this case to a district judge with the following REPORT AND RECOMMENDATION that Plaintiff's motion for default judgment be GRANTED. If Defendant later consents to magistrate jurisdiction, the case may be reassigned to the undersigned magistrate judge.

**I. BACKGROUND**

According to the Complaint, Johnson is a level C-5 quadriplegic who cannot walk and has significant manual dexterity impairments. Dkt. 1 ¶ 1. He uses a wheelchair for mobility and has a

specially-equipped van. *Id.* Defendant Fico's is the alleged owner and operator of the Restaurant located at 4622 Meridian Avenue in San Jose, California. *Id.* ¶ 2. Mr. Johnson allegedly went to the restaurant in April 2021, May 2021, and June 2021, but he found that Defendant failed to provide wheelchair-accessible outside dining surfaces in conformance with ADA standards. *Id.* ¶¶ 9, 11. The tables, according to Mr. Johnson, have a lack of sufficient knee and toe clearance for wheelchair users. *Id.* Mr. Johnson says that he intends to return to the restaurant but is currently deterred from doing so because he knows of the lack of accessible dining surfaces. *Id.* ¶ 20. Mr. Johnson did not encounter the inside dining surfaces but alleges that they also do not have enough knee and toe clearance and requests these barriers be removed as well. *Id.* ¶ 19. Mr. Johnson brings claims under the ADA and Unruh Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs.

According to the proof of service filed by Plaintiff, Defendant was served with the summons and complaint at 12:46 p.m. on August 3, 2021, at 4622 Meridian Avenue, Unit B, San Jose, CA., 95124. Dkt. 8 at 1. In the California Business Search, this address is associated with the listed agent for service of process, "In Long Cheong." Dkt. 9, Ex. 5 at 3-4. Plaintiff also mailed a copy of the summons and complaint to this address. Dkt. 8 at 1. Fico's never responded and has not filed an answer or other response to the complaint. The Clerk of Court entered a default against Defendant on December 3, 2021. Dkt. 12 at 1. Plaintiff now moves for default judgment against Defendant. Dkt. 14. Defendant has not opposed the motion.

**II. LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering a default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. 11-cv-3998-EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4. If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate,

considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff. *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-cv-03871-BLF, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

### III. DISCUSSION

#### A. Service of Process

As indicated above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sept. 13, 2018) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

Alternatively, Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) authorize service on a corporation in accordance with state law. Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity. *See* Cal. Civ. Proc. Code § 416.10; *Vasic v. Pat. Health, L.L.C.*, No. 13-cv-849-AJB, 2013 WL 12076475, at *2 (S.D. Cal. Nov. 26, 2013). In lieu of personal service, substituted service

3

may be effected "by leaving a copy of the summons and complaint during usual office hours in his or her office ... with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(a). California Code of Civil Procedure § 415.20(a) does not demand an affidavit of reasonable diligence when either a corporate or noncorporate entity is being served. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *G&G Closed Cir. Events, LLC v. Macias*, No. 20-cv-02916-BLF, 2021 WL 2037955, at *2 (N.D. Cal. May 21, 2021) (quoting *Securities & Exchg. Comm'n v. Internet Sols. for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)).

Accordingly, Plaintiff has established that Fico's New York Style Pizza, Inc. was properly served by substituted service according to California Code of Civil Procedure § 415.20. Mr. Johnson has filed a proof of service indicating that the summons and complaint were served on a general manager of the entity that is the subject of the litigation. *See* Dkt. 8. The summons and complaint were left at In Long Cheong's business address (also the address of the Restaurant), at 12:46 p.m. on August 3, 2021, during normal business hours with someone who was apparently in charge. *Id*. The summons and complaint were thereafter mailed to In Long Cheong at the same address. *Id*.

While the agent for service of process is listed as "In Long Cheong," the address associated with Fico's agent for service of process is where Plaintiff served Juan Calderon, an individual who identified himself as the manager to the process server. Dkt. 8 at 1. This is the address of the Restaurant, and in publicly available documents with the Santa Clara County Clerk-Recorder, the Fico's King Kong New York Style Pizza Co. is registered to Juan Calderon. Dkt. 14-9 at 4-5. Considering that proof of service is prima facie evidence of valid service, service was thus adequately completed on an officer of the Restaurant at the address for the agent for service of process according to Federal Rule of Civil Procedure 4(h)(1)(B) and California Code of Civil Procedure § 415.20(a). Plaintiff has established that Fico's has been adequately served.

**B. Jurisdiction**

When a plaintiff seeks entry of default judgment against a party who has failed to plead or otherwise defend, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Federal question jurisdiction is based on Plaintiff's ADA claim for relief. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over his Unruh Act claim. 28 U.S.C. § 1367. The Court is also satisfied that personal jurisdiction exists over Defendant. The Complaint and the evidence submitted with the present motion indicate that the property that is the subject of this action is in California and is owned by Defendant. Dkt. 14-9, Ex. 5.

**C. *Eitel* Factors**

Having concluded that Defendant was properly served and that the Court has jurisdiction, the Court next considers the *Eitel* factors. Ultimately, the Court concludes that the majority of those factors weigh in favor of entering default judgment against Defendant.

**1. Possibility of Prejudice (Factor 1)**

As discussed above, Defendant was served with copies of the Summons and Complaint in this action. Defendant, therefore, had notice of these proceedings. The first *Eitel* factor requires the Court to consider whether Mr. Johnson would be prejudiced if default judgment is not entered. Unless default judgment is entered, Mr. Johnson will have no other means of recourse against Fico's. As such, there would be prejudice against Mr. Johnson. *See*, *e.g.*, *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (finding that the plaintiff would be prejudiced if default judgment were not entered because she "would have no other means of recourse against Defendants for the damages caused by their conduct").

**2. Merits of Claims and Sufficiency of Complaint (Factors 2 and 3)**

As to the second and third factors (merits of claims and sufficiency of complaint), Mr. Johnson must first establish Article III standing, which requires that he demonstrate he suffered an injury in fact that is both traceable to Defendant's conduct and redressable by a favorable court decision. *Ridola*, 2018 WL 2287668, at *5 (citing *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1162 (S.D. Cal. 2006)). Mr. Johnson claims that he suffers from a disability,

5

that he personally encountered these barriers to access at the Restaurant because the Restaurant lacked wheelchair-accessible dining tables, and that he will return to the restaurant once it is made accessible. Dkt. 1 ¶¶ 1, 11-19, 22; *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) ("Demonstrating an intent to return to a non-compliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."). Johnson thus alleged that he has standing under the ADA.

On the merits, Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). To prevail on his Title III discrimination claim, Johnson must show that (1) he is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Johnson was denied public accommodations by Defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To succeed on an ADA claim based on architectural barriers, Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola*, 2018 WL 2287668, at *5.

Mr. Johnson has plausibly pled an ADA claim. First, Johnson has adequately alleged that he has a disability within the meaning of the ADA by alleging that he is a C-5 quadriplegic who cannot walk and uses a wheelchair for mobility. Dkt. ¶ 1. Second, he has alleged that Defendant is a private entity that owns, leases, or operates a place of public accommodation—the Restaurant. *Id*. ¶¶ 2–3, 9; *see also* 42 U.S.C. § 12181(7)(B) (listing "a restaurant, bar, or other establishment serving food or drink" as a place of public accommodation). Third, Johnson alleges that during his visit to the restaurant, he personally encountered an access barrier: the lack of wheelchair-accessible dining surfaces. Dkt. ¶¶ 10–12, 16. Johnson alleges that the outdoor dining surfaces at the restaurant did not have sufficient knee and toe clearance. *Id*. ¶ 12. Johnson has also alleged

that removal of these barriers is "readily achievable" because they are "easily removed without much difficulty or expense" and they are an example of "the types of barriers identified by the Department of Justice as presumably readily achievable to remove." *Id*. ¶ 19; *see also Garlic Farm Truck Ctr. LLC,* 2021 WL 2457154, at *6 (finding these allegations sufficient at default judgment stage). If true, these facts would result in a violation of the ADA, which requires that the outside dining surfaces have at least 17 inches of knee and toe clearance. *See* ADA § 306.2.2. Accordingly, Johnson adequately alleges that the Restaurant violated accessibility standards, and that he was denied access to the dining surfaces because of his disability.

The Court finds that Johnson's ADA claim is adequately pled and substantively meritorious in light of Defendant's failure to respond in this action. Because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731, Mr. Johnson has also sufficiently alleged an Unruh Act claim. Thus, the second and third *Eitel* factors also favor default judgment.

**3. Amount of Money at Stake (Factor 4)**

The amount of money at stake in this action is not significant, but default judgment is nevertheless appropriate because, as discussed below, the Court will award only the amount of money that comports with Federal Rule of Civil Procedure 54(c). *See Joe Hand Promotions, Inc. v. Mujadidi*, No. 11-cv-5570-EMC, 2012 WL 3537036, at *3 (N.D. Cal. Aug. 14, 2012) (noting that a request for maximum possible statutory damages "is not enough on its own to bar a default judgment ... as it may be addressed by the Court in deciding what damages should be awarded, assuming that a default judgment is otherwise appropriate").

**4. Possibility of Factual Dispute or Excusable Neglect (Factors 5 and 6)**

Further, there is no indication that the Defendant's failure to appear is due to excusable neglect or that there is any indication of a dispute concerning material facts.

**5. Strong Policy Favoring Decisions on the Merits (Factor 7)**

Federal policy favors decision on the merits, but the Federal Rule of Civil Procedure permits entry of default judgment when a defendant refuses to litigate. *See* Fed. R. Civ. P. 55(b)(2); *see also Ridola*, 2018, WL 2287668 at *13. Default judgment, therefore, is Mr.

7

Johnson's only recourse. *See United States v. Roof Guard Roofing Co. Inc.*, No. 17-cv-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal., Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome.").

Accordingly, entry of default judgment is appropriate because most of the *Eitel* factors favor entry of default judgment and, taken together, those factors outweigh the general policy favoring decisions on the merits (seventh factor). *See J & J Sports Productions, Inc. v. Deleon*, No. 13-cv-02030-EJC, 2014 WL 121711, at *2 (N.D. Cal. Jan. 13, 2014).

### IV. RELIEF TO BE AWARDED

The Court must next decide what relief should be awarded in the default judgment. Plaintiff requests that the default judgment include an injunction "directing the Defendant to provide outside and inside accessible wheelchair dining surfaces so that there is enough toe clearance under the table surfaces (not less than 17 [inches]) as required by the 2010 ADAS 306.2.2 for toe clearance." Dkt. 14 at 2. Plaintiff also seeks statutory damages of $4,000 for three encounters in April 2021, May 2021, and June 2021 under the Unruh Act. *Id.* Plaintiff further seeks $6,045.00 in attorneys' fees, and $837.00 in costs pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52(a). *Id.* However, as explained below, Plaintiff's request for fees and costs is not wholly supported by evidence.

#### A. Injunctive Relief

Plaintiff seeks an order requiring Defendants to comply with the ADA and the Unruh Act. Dkt. 1 ¶ 35; Dkt. 14 at 2. Aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *M.J. Cable*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)). Injunctive relief is also available under the Unruh Act. *See* Cal. Civ. Code. § 52.1. "The standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute that specifically provides for injunctive relief." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175-76 (9th Cir. 2010), *cert. denied*, 563 U.S. 956 (2011) (citations omitted). Thus, injunctive relief is proper under the ADA where the plaintiff establishes that "architectural barriers at the defendant's

8

establishment violate the ADA and the removal of the barriers is readily achievable." *Ridola*, 2018 WL 2287668, at *13 (citing *Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011)). A plaintiff also may seek injunctive relief related to unencountered barriers that relate to his disability. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631, 944 F.3d 939 (9th Cir. 2011).

Plaintiff has shown that he is entitled to injunctive relief with respect to accessible toe and knee clearance at the Restaurant. Accordingly, the Court RECOMMENDS that Plaintiff's request for injunctive relief be granted with respect to the toe and knee clearance barriers of the outside and inside dining surfaces. *See Johnson v. Oakwood Ctr. LLC*, No. 19-cv-01582-VKD, 2019 WL 7209040, at *9 (N.D. Cal. Dec. 27, 2019) (citation omitted).

**B. Statutory Damages**

Monetary damages are not available in private suits under the ADA. *M.J. Cable*, 481 F.3d at 730. However, the Unruh Act imposes liability for actual damages of no less than $4,000 when "an individual is denied equal access to an establishment covered by the Unruh Act." *Ridola*, 2018 WL 2287668, at *15 (citing Cal. Civ. Code § 52(a)). The plaintiff need not prove that he suffered actual damages to recover these statutory damages. *M.J. Cable*, 481 F.3d at 731.

As discussed above, Plaintiff seeks relief with respect to wheelchair space at the outside dining areas of the Property. Plaintiff seeks a statutory award of $4,000 against Defendant in connection with his three visits to the Property in April 2021, May 2021, and June 2021. Dkt. 14 at 2. It is unclear why Plaintiff repeatedly visited the Property when he knew it was in violation of the ADA. The record does not show that Plaintiff ever raised the issue of toe clearance with any store employees or owners, and there is nothing to suggest that he had reason to believe that the barriers would be removed after his first or even second visit. Although it appears that Plaintiff's repeated visits to the Property were made in an attempt to increase statutory damages, Plaintiff only asks for the statutory minimum of $4,000. "District courts in the Ninth Circuit have limited statutory damages under the Unruh Act when plaintiffs engage in this behavior." *Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *8 (citing cases where courts reduced plaintiff's statutory damages). The Court thus RECOMMENDS that the Court award Plaintiff $4,000 in statutory damages.

### C. Attorneys' Fees and Costs

A district court may, in its discretion, award the prevailing party in an ADA case a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. Similarly, the Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code. §§ 52(b)(3), 52.1(c). "The Supreme Court has explained that, in civil rights cases, the district court's discretion is limited" and "[a] prevailing party under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008) (citations omitted). In calculating attorney's fees, courts usually follow the lodestar approach of multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking fees bears the burden of establishing entitlement to an award, and the fee applicant must "submit evidence supporting the hours worked and rates claimed." *Id.* at 437. "There is a strong presumption that the lodestar figure represents a reasonable fee." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996). However, the district court must assess whether it is necessary to adjust the lodestar figure on the basis of certain factors that are not already subsumed in the initial lodestar calculation. *Id.* at 364. The twelve relevant factors are enumerated in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

In support of the fees requested, Mr. Johnson presents detailed billing entries attached to Russell Handy's Declaration, expert analysis of fees for ADA-plaintiff attorneys by fee experts Richard Pearl and John O'Connor, and a survey report pulled from the Real Rate Report. Dkt. 14-3, Exs. 1, 6-8. Further, Mr. Johnson cites case law from this district and others that have granted attorneys' fees at the hourly rates Johnson is requesting. Dkt. 14-12, Ex. 8. The Court finds that this evidence only partially substantiates Mr. Johnson's requests.

### 1. Rates

Mr. Johnson seeks fees based on the hourly rates of the following four attorneys: Mr. Potter ($650/hour), Ms. Zaman ($400/hour), Mr. Best ($500/hour), and Ms. Clipner ($450/hour). To support the reasonableness of the identified hourly rates, Mr. Johnson relies on a declaration

from Mr. Pearl and Mr. Handy, another attorney for Mr. Johnson. Dkt. 14-3, Ex. 1; Dkt. 14-10, Ex. 6. Mr. Handy's declaration includes a description of the attorneys' qualifications and experience, as well as a billing statement for work performed in this case. Dkt. 14-3, Ex. 1 ¶¶ 4-8; Dkt. 14-4, Ex. 1A. Mr. Handy asks for a rate of $100 for legal assistants and $200 for an experienced legal assistant (Marcus Handy). Dkt. 14-3, Ex. 1 ¶¶ 8-9.

The relevant community for this action is the Northern District of California. Indeed, for attorneys with approximately 20 or more years of experience, courts in this district have generally approved hourly rates ranging from $350 to $495 in disability cases. *See*, *e.g.*, *Castillo-Antonio v. Lam*, No. 18-cv-04593-EDL, 2019 WL 2642469, at *7 (N.D. Cal. Apr. 10, 2019) (approving, on motion for default judgment, $350 hourly rate for attorney with over 20 years of experience); *Johnson v. Castagnola*, No. 18-cv-00583-SVK, 2019 WL 827640, at *2 (N.D. Cal. Feb. 21, 2019) (approving $350 hourly rate for attorney with 20 years of litigation experience, noting that requested rate was unopposed by defendant and in line with rates approved in Northern District). Many of these cases have considered the same evidence that Mr. Johnson submits here and found that it does not support the rates he seeks. *See*, *e.g.*, *Johnson v. An Khang Mi Gia*, No. 21-cv-01702-BLF, 2021 WL 3908389, at *7–9 (N.D. Cal. Dec. 14, 2021) (analyzing declarations of Mr. Handy, fee experts Mr. Pearl and Mr. O'Connor, and the Real Rate Report and finding only lower rates justified).

This Court finds the analyses of such cases persuasive and will award hourly rates in line with those cases. In addition, Mr. O'Connor states in his declaration that reasonable partner fee rates in ADA cases range from $450 to $750 per hour, while an appropriate range for associates is between $350 and $550 per hour. *See* Dkt. 14-12, Ex. 8 ¶ 33. The rates that courts in the Northern District have awarded to attorneys in past ADA cases are at the lower end of these ranges, and Plaintiff has not adequately justified the high ends of the stated ranges. "[W]hen a matter 'is a relatively simple one, involving straight-forward application of the law, and which does not present novel or difficult issues requiring a high level of skill or specialization,' courts have generally found that higher rates are unwarranted." *See Johnson v. Baglietto*, No. 19-cv-06206-TSH, 2020 WL 3065939, at *11 (N.D. Cal. May 21, 2020) (quoting *Oakwood Ctr. LLC*,

1    2019 WL 7209040, at *13), report and recommendation adopted, No. 19-cv-06206-HSG, 2020
2    WL 3060902 (N.D. Cal. June 9, 2020). And "[t]he sheer number of ADA cases that [Plaintiff's]
3    counsel is litigating simultaneously underscores the straightforward nature of their cases."
4    *Johnson v. Cala Stevens Creek/Monroe, LLC*, No. 17-cv-04574-LHK, 2020 WL 2556989, at *6
5    (N.D. Cal. May 20, 2020) (noting that Plaintiff's counsel "stated that as of November 7, 2019,
6    [counsel's firm], consisting of 20 lawyers, was simultaneously litigating 'over a thousand' ADA
7    cases in the Northern District of California and approximately 1,500 ADA cases in the Central
8    District of California. The law firm had previously litigated approximately 2,500 ADA cases in
9    the Eastern District of California.") (internal citations omitted). Mr. Potter will be awarded an
10   hourly rate of $450. *See An Khang Mi Gia*, 2021 WL 3908389, at *8. Ms. Clipner and Mr. Best
11   will be awarded an hourly rate of $350. *See Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at
12   *10. Ms. Zaman, an attorney who graduated about seven years ago, will be awarded $250 per
13   hour. *See Johnson v. AutoZone, Inc.*, No. 17-cv-02941-PJH, 2019 WL 2288111, at *7 (N.D. Cal.
14   May 29, 2019).

15   Plaintiff has also requested reimbursement of fees for legal assistants at an hourly rate of
16   $100 and for Marcus Handy at an hourly rate of $200 for "his experience as a skilled legal
17   assistant and paralegal." *See* Dkt. 14-3, Ex. 1 at 4–5. The Court agrees with other courts in this
18   district that an hourly rate of $100 is reasonable for paralegal and legal assistant fees. *See Lopez v.*
19   *San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 992 (N.D. Cal. 2005). Plaintiff does not
20   argue in support of the requested rate of $200 for Marcus Handy in the Motion. Apart from
21   information regarding Marcus Handy's background found in the Handy Declaration, no
22   justification is provided for the $200 rate. *See* Dkt. 14-3, Ex. 1 at ¶ 8. Because Plaintiff has failed
23   to meet his burden regarding the requested rate of $200 for Marcus Handy, the Court finds an
24   hourly rate of $100 reasonable for all legal assistants, including Marcus Handy.

25   **2. Hours**

26   Mr. Johnson requests fees based on 17.8 hours of work. *See* Dkt. 14-3, Ex. 1 at 2-3.
27   Johnson's billing summary shows 17.8 hours were expended in this litigation: Mr. Potter
28   expended 0.6 hours, Mr. Best expended 0.4 hours, Ms. Zaman expended 0.2, Ms. Clipner

1   expended 10.1 hours, and paralegals and staff expended 6.5 hours. *See* Dkt. 14-3, Ex. 1A at 2-3.
2   The Court has reviewed the itemized statement of Mr. Johnson's counsel's legal work and finds
3   issue with the amount of time that Mr. Johnson's counsel has expended. This Court and other
4   courts in this district have found as much as 11.1 hours of work to be reasonable for similar cases.
5   *See*, *e.g.*, *Ridola*, 2018 WL 2287668, at *17 (granted motion for default judgment in ADA case,
6   found 11.1 hours to be reasonable); *see also Johnson v. Pennylane Frozen Yogurt, LLC*, No. 22-
7   cv-00609-BLF, 2022 WL 1750382, at *5 (N.D. Cal. May 31, 2022) (granting only 11 of the 11.7
8   houes requested); *Johnson v. Huong-Que*, No. 21-cv-04133-BLF, 2022 WL 658973, at *5 (N.d.
9   Cal. Mar. 4, 2022) (7.8 hours of work). The number of hours requested is thus unreasonable and
10  is limited to 11.1 hours for the reasons that follow. First, as in *Johnson v. Pennylane Frozen*
11  *Yogurt*, this Court finds that the number of hours spent on the default judgment motion by Ms.
12  Clipner was excessive because of the cookie cutter and boilerplate nature of the submission.
13  *Pennylane Frozen Yogurt, LLC*, 2022 WL 1750382, at *6. The Court will only grant Ms. Clipner
14  5.1 of the 10.1 hours requested. As to the paralegals and staff, it is unreasonable for this litigation
15  to have passed through twelve legal assistants (Dkt. 14-4, Ex. 1A at 2-3), which creates inherent
16  duplication of effort and inefficiencies. The Court will only allow recovery of 4.8 of the 6.5 hours
17  requested for paralegals and staff, including Marcus Handy. The remaining 4.8 hours are
18  reasonable for the combined efforts of the other identified timekeepers. Thus, the total number of
19  hours this Court approves is 11.1 hours.
20      **3. Costs**
21      The moving papers indicate that Plaintiff seeks $837 in costs. Dkt. 14-3, Ex. 1 ¶ 3; Dkt.
22  14-4, Ex. 1A at 4. The billing statement states that filing fees were $402, the investigator fee was
23  $400, and the service cost was $35. Dkt. 14-4, Ex. 1A at 4. Because the investigator's fee is
24  unsubstantiated, the Court only finds that Plaintiff's request for service and filing costs is
25  reasonable. Accordingly, the Court RECOMMENDS awarding $437 in costs.

**4. Summary**

The Court's award of fees and costs is summarized below:

| Name | Rate Awarded | Hours Awarded | Fees/Costs Awarded |
|---|---|---|---|
| Mark Potter | $450 | 0.60 | $270 |
| Candice Clipner | $350 | 5.10 | $1,785 |
| Zachary Best | $350 | 0.40 | $140 |
| Tehniat Zaman | $250 | 0.20 | $50 |
| Marcus Handy | $100 | 1.80 | $180 |
| Other Staff | $100 | 3.00 | $300 |
| | | **Total Fees** | $2,725 |
| | | **Costs** | $437 |
| | | **Total Fees & Costs** | $3,162 |

**V. CONCLUSION**

For the reasons stated above, the Court orders the Clerk to REASSIGN this case to a district judge, and the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment be GRANTED as to Defendant.

2. Plaintiff be awarded statutory damages in the amount of $4,000.

3. Plaintiff's request for attorneys' fees be GRANTED IN PART in the amount of $2,725.

4. Plaintiff's request for costs be GRANTED IN PART in the amount of $437.

5. Plaintiff be granted an injunction requiring Defendant to provide toe and knee clearance space for the dining surfaces at the Restaurant.

Plaintiff shall promptly serve Defendant with this Report and Recommendation and file a proof of service with the Court. Any party may file objections to this Report and

Recommendation within fourteen days. Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**SO RECOMMENDED.**

Dated: June 14, 2022

SUSAN VAN KEULEN
United States Magistrate Judge